# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOE NATHAN WILSON,

    *Plaintiff,*

vs.

Case No.  12-CV-1453-EFM

ROBERT HANNIGAN, et al.,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Joe Nathan Wilson proceeds *pro se* and asserts that he is entitled to relief from three separate defendants because they denied his Fourteenth Amendment right of access to the courts.  Defendant Charles Simmons, in his official capacity, filed a Motion to Dismiss (Doc. 9) for violation of the statute of limitations.  For the reasons set forth below, the Court grants the Motion to Dismiss.

### I.    Factual and Procedural Background

Plaintiff filed his Complaint on December 10, 2012.  He asserts that, while an inmate in a state prison, Defendants Robert Hannigan and David McKune (former wardens), as well as Defendant Charles Simmons (former Deputy Secretary of Corrections) violated his right of access to the courts under the Fourteenth Amendment on October 27, 1998 and January 6, 2005.

His Complaint classifies as a § 1983 civil rights complaint.[1] It does not appear from the record that Defendants Hannigan, McKune, and Simmons have been served in their individual capacities. The record demonstrates, however, that Charles Simmons was served in his official capacity. In his official capacity, Defendant Charles Simmons responded by filing a Motion to Dismiss based on several theories, including that Plaintiff's claim was barred by the statute of limitations. Plaintiff failed to file a timely response, and thus the Motion is unopposed. The Court addresses the statute of limitations aspect of the Motion to Dismiss.

## II.    Legal Standard

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[2] A *pro se* litigant is entitled to a liberal construction of his pleadings.[3] If a court can reasonably read a *pro se* complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority … confusion of various legal theories … or [Plaintiff's] unfamiliarity with pleading requirements."[4] But it is not the proper role of a district court to "assume the role of advocate for the *pro* se litigant."[5] As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[6] "Well-

---

[1] *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.").

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell proceeds *pro se*, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id*.

pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

While the statute of limitations is generally an affirmative defense, it may also sometimes "be appropriately resolved on a Fed. R. Civ. P. 12(b) motion."[8] Specifically, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."[9] The "length of the limitations period" is a question governed by state law.[10] The Tenth Circuit Court of Appeals has ruled that § 1983 civil right complaints "should be characterized as actions for injury to the rights of another" and are therefore governed by K.S.A. § 60-513(a)(4).[11] The applicable length of time, according to the statute, is two years.[12] Additionally, for the purpose of the statute of limitations, § 1983 claims accrue "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"[13]

---

[6] *Ramirez v. Dep't of Corr., Colo.*, 222 F.2d 1238, 1240 (10th Cir. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

[9] *Id.*

[10] *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *see also Owens v. Okure*, 488 U.S. 235 (1989) (holding that § 1983 claims should borrow the statute of limitations from state personal injury law, even if there are other state statute of limitation laws that could conceivably conflict).

[11] *Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613, 614 (10th Cir. 1984).

[12] *See* K.S.A. § 60-513(a)(4).

[13] *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (quoting *Bireline v. Seagondollar*, 632 F.2d 185, 191 (2d Cir. 1980)).

### III. Analysis

In this case, the Complaint alleges that on October 27, 1998, Plaintiff was "deprived of meaningful access to the court" by Defendants Hannigan and Simmons.[14] It further alleges that on January 6, 2005, Plaintiff was again denied access to the court, this time by Defendants McKune and Simmons.[15] Plaintiff filed his complaint on December 10, 2012. The dates given in the Complaint (October 27, 1998 and January 6, 2005) demonstrate that the applicable statute of limitations (two years) has run. Plaintiff allowed fourteen years to elapse after the first alleged deprivation of his rights before he filed a Complaint. He allowed almost eight years to pass after the second alleged incident. Thus, the right sued upon has indeed presumptively been extinguished.

As noted above, *Aldrich* requires that, when the dates make it clear that the "right sued upon has been extinguished," the plaintiff bears the burden of establishing a basis for tolling the statute.[16] Plaintiff, however, offers no reason or justification for tolling the statute in his Complaint. In addition, given that he did not file a response to the Motion to Dismiss, he offers no tolling argument.

Furthermore, as noted above, *Johnson* states that the statute of limitations accrues when the plaintiff "knows or has reason to know" of the injury. In *Johnson*, the Tenth Circuit ruled that the statute of limitations accrued because the plaintiff "present[ed] no reason why he did not know" of the injury when it occurred.[17] Similarly, in this case, Plaintiff does not assert any

---

[14] Pl. Compl., Doc. 1, at 3.

[15] *Id*. at 4.

[16] *Aldrich*, 627 F.2d at 1041.

[17] *Johnson*, 925 F.2d at 1301.

reason why he did not know and had no reason to know of the injury giving rise to the action, and no amount of liberal construction of a *pro se* complaint aids him on that account. The Complaint is thus barred by the statute of limitations, and an analysis of other reasons for dismissing the motion is unnecessary. The Motion to Dismiss (Doc. 9) is accordingly granted.

**IT IS ACCORDINGLY ORDERED** this 17th day of July, 2013, that Defendant Charles Simmons' Motion to Dismiss (Doc. 9) is hereby **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE